A TRUE COPY ATTEST

Date: 12/11/2023

BRENNA B. MAHONEY, CLERK OF COURT

By: *Alisha Francis,* Deputy Clerk

FILED
IN CLERK'S OFFICE
U.S. District Court E.D.N.Y.
12/6/23
BROOKLYN OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**FILED**
Dec 11, 2023
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN RE: ORAL PHENYLEPHRINE MARKETING
AND SALES PRACTICES LITIGATION                                                              MDL No. 3089

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in one action (*Barton*) move under 28 U.S.C. § 1407 to centralize this litigation in the District of New Jersey or, alternatively, the Eastern District of New York. This litigation currently consists of eleven actions pending in seven districts, as listed on Schedules A and B.[1] The cases in this litigation primarily involve the claim that over-the-counter cough and cold medications containing phenylephrine as the active ingredient to provide decongestant relief do not work as advertised to relieve nasal congestion and are no more effective than a placebo.[2] Plaintiffs seek to recover their alleged economic losses and injunctive relief on behalf of putative nationwide and statewide classes of affected consumers. Since the filing of the motion, the Panel has been notified of 73 related actions.[3]

All responding plaintiffs and defendants support, or do not oppose, centralization of this litigation in an industrywide MDL concerning the alleged inefficacy of the above-described oral phenylephrine products, with the disagreement limited to (1) the appropriate transferee district and (2) the inclusion of cases that intend to focus exclusively on the "Maximum Strength" labeling of the products, in contrast to the efficacy of oral phenylephrine.[4] Plaintiffs in the Maximum

---

[*] Judge Karen K. Caldwell and Judge David C. Norton did not participate in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and participated in this decision.

[1] Two additional actions on the motion for centralization were voluntarily dismissed during the pendency of the motion.

[2] The products at issue include Sudafed PE, Tylenol Cold & Flu, TheraFlu, Vicks Nyquil and Dayquil Severe Cold and Flu, and various cold and flu products sold under the Mucinex, Benadryl, Alka-Seltzer Plus, and Zicam brand names. The products also include store-brand versions of similar phenylephrine-based products sold by Albertsons, Amazon.com, CVS, Costco, Harris Teeter, Kroger, Publix, Rite-Aid, Target, Walgreens, and Walmart.

[3] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[4] There currently are five "Maximum Strength" actions – the *Tuominem v. Johnson & Johnson Consumer Inc.* action on Schedule B, and four related actions brought by the same plaintiffs'

Strength actions oppose inclusion of their actions, but do not oppose centralization of the other actions in this litigation. Moving plaintiffs stated at oral argument that they, too, believe the Maximum Strength actions should be excluded. As to the appropriate transferee district, plaintiffs variously request the Northern District of California, the Northern and Southern Districts of Florida, the Northern District of Illinois, the Eastern District of Louisiana, the District of Minnesota, the Western District of Missouri, the District of New Jersey, the Eastern District of New York, the Southern District of Ohio, the Eastern District of Pennsylvania, the District of Rhode Island, and the Western District of Washington.

Defendants[5] request centralization in the Southern or Eastern District of New York. Defendant Johnson & Johnson Consumer Inc. additionally argues for inclusion of the Maximum Strength actions in the MDL, focusing on the *Tuominem* action.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Eastern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions on Schedule A present common factual questions arising from the allegation that defendants' oral phenylephrine products do not work as advertised to relieve nasal congestion and are no more effective than a placebo. The common factual questions include (1) whether the science supports the allegation that oral phenylephrine is not effective to relieve nasal congestion; (2) defendants' knowledge about the state of the science on the efficacy of oral phenylephrine; and (3) the measure of any damages. The actions also stem from the same regulatory proceedings, including the September 2023 determination by an advisory committee of the U.S. Food and Drug Administration that oral phenylephrine is not effective to relieve nasal congestion. Thus, the issues concerning the background science and regulatory history will be substantially the same in all actions. Furthermore, defendants state that they will assert the same preemption and primary jurisdiction defenses in all actions. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

We have determined that the Maximum Strength actions should not be included in the MDL based on statements made at oral argument by counsel representing those plaintiffs. In particular, counsel emphasized that their claims concern only the "Maximum Strength" labeling on the products named in their complaints, as opposed to claims regarding the efficacy of oral phenylephrine. They further asserted that they will not litigate the efficacy of oral phenylephrine in their actions and, importantly, that they will amend their complaints to delete the allegations that refer to the alleged inefficacy of oral phenylephrine. Given these representations by counsel, we conclude that the factual overlap between the Maximum Strength actions and the actions in the

---

counsel (*Riccio v. Pfizer Inc.*, *Riccio v. RB Health (US) LLC*, *Tlaib v. Procter & Gamble*, and *Nitto v. CVS Pharmacy*), all in the Northern District of Illinois.

[5] Responding defendants are Albertson's Companies, Inc.; Amazon.com, Inc.; Associated Wholesale Grocers, Inc. together with Valu Merchandisers Company; Bayer HealthCare LLC; CVS Pharmacy, Inc.; GlaxoSmithKline Consumer Healthcare Holdings (US) LLC together with Haleon US Capital LLC; Johnson & Johnson Consumer Inc.; Pfizer, Inc.; The Procter & Gamble Company; RB Health (US) LLC (sued as Reckitt Benckiser LLC); Target Corp.; Walgreen Co.; Walmart Inc.; and Wal-Mart Stores East, LP.

MDL is likely to be minimal.  We thus decline to include the Maximum Strength actions in the MDL.

We are persuaded that the Eastern District of New York is the appropriate transferee district for this MDL.  Two actions on the motion and three potential tag-along actions are pending in this district.  Plaintiffs in nineteen actions request it as their first or second choice, and defendants unanimously support this district.  Additionally, common witnesses and other relevant evidence likely will be found in or near this district given the location of several defendants' headquarters in the New Jersey and New York area.  We select Judge Brian M. Cogan as the transferee judge.  He is thoroughly familiar with the nuances of complex, multidistrict litigation by virtue of having presided over five previous MDLs, including pharmaceutical and consumer protection dockets.  Judge Cogan is an experienced jurist with the willingness and ability to efficiently manage this litigation.  We are confident that he will steer this litigation on a prudent and expeditious course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Eastern District of New York are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Brian M. Cogan for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that transfer of the "Maximum Strength" *Tuominem* action listed on Schedule B is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Nathaniel M. Gorton
Acting Chair

Matthew F. Kennelly          Roger T. Benitez
Dale A. Kimball              Madeline Cox Arleo

IN RE: ORAL PHENYLEPHRINE MARKETING
AND SALES PRACTICES LITIGATION                                              MDL No. 3089

## SCHEDULE A

<u>Eastern District of California</u>

PACK, ET AL. v. JOHNSON & JOHNSON CONSUMER COMPANIES, INC.,
 ET AL., C.A. No. 2:23−01965          1:23-cv-09057

<u>Middle District of Florida</u>

DEPAOLA v. THE PROCTOR & GAMBLE COMPANY, ET AL., C.A. No. 2:23−00727
                                                              1:23-cv-09058

<u>Northern District of Florida</u>

AUDELO v. JOHNSON & JOHNSON CONSUMER INC., ET AL., C.A. No. 3:23−24250
                                             1:23-cv-09059

<u>Eastern District of Louisiana</u>

JUNEAU v. THE PROCTOR & GAMBLE COMPANY, ET AL., C.A. No. 2:23−05273   1:23-cv-09060
FICHERA v. THE PROCTOR & GAMBLE COMPANY, ET AL., C.A. No. 2:23−05274  1:23-cv-09061
COPPOCK v. THE PROCTER & GAMBLE COMPANY, ET AL., C.A. No. 2:23−05353  1:23-cv-09062

<u>District of New Jersey</u>

BARTON, ET AL. v. RB HEALTH (US) LLC, ET AL., C.A. No. 2:23−20370   1:23-cv-09063
MCWHITE v. JOHNSON & JOHNSON CONSUMER INC., C.A. No. 3:23−20379  1:23-cv-09065

<u>Eastern District of New York</u>

YOUSEFZADEH v. JOHNSON & JOHNSON CONSUMER INC., C.A. No. 2:23−06825   1:23-cv-09067
CRONIN v. JOHNSON & JOHNSON CONSUMER INC., ET AL., C.A. No. 2:23−06870   1:23-cv-09068

**IN RE: ORAL PHENYLEPHRINE MARKETING
AND SALES PRACTICES LITIGATION**                               MDL No. 3089

**SCHEDULE B**

<u>Northern District of Illinois</u>

TUOMINEN v. JOHNSON & JOHNSON CONSUMER INC., C.A. No. 1:23−13796